UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JENSEN, as Successor Trustee for the 2008 Brett G. Jensen Family Trust,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA; TEHAMA-COLUSA CANAL AUTHORITY, and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | No.  2:12-CV-01418-JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TEHAMA-COLUSA CANAL AUTHORITY'S MOTION TO DISMISS** |

　　This matter comes before the Court on Defendant Tehama-Colusa Canal Authority's ("Defendant" or "TCAA") Motion to Dismiss (Doc. #11) Plaintiff Peter Jensen's ("Plaintiff" or "Jensen") Complaint (Doc. #1)("Comp.") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the motion (Doc.

///

///

///

1

#13).[1]  For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of damage to Plaintiff's real property allegedly caused by Defendant's negligence "in the construction, operation, maintenance, improvement and repair of the Tehama-Colusa Canal ["The Canal"] . . . ."  Comp. at ¶¶ 1, 7, 10-11.  Plaintiff owns property in Corning, California, "along Jewett Creek at the crossing of the Tehama-Colusa Canal . . .," which is used for agricultural purposes, such as the production of almonds.  Id. at ¶ 1.  According to Plaintiff's Complaint, at some point during a project to operate, maintain, or improve The Canal, Defendant "unreasonably alter[ed] . . . the water flow of Jewett Creek onto Plaintiff's property . . ., [causing] continuing erosion damage."  Id. at ¶¶ 10-11.  To date, Plaintiff has incurred approximately $500,000 in damages, which includes the "costs of necessary remedial repairs."  Id. at ¶ 12.

Both named defendants in this case are government entities, and Plaintiff alleges he has complied with the statutory pre-lawsuit presentation of claim requirements under the Federal and California Tort Claims Acts.  Comp. at ¶¶ 2, 4-5, 7.

///
///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for August 8, 2012.

On March 30, 2012, Plaintiff filed the pending action for damages and declaratory relief in the Northern District. Doc. #1. The case was subsequently ordered transferred to this Court by Judge White, upon adopting a stipulation between the parties on May 24, 2012. Doc. #7. On June 15, 2012, Defendant filed the pending Motion to Dismiss, challenging Plaintiff's entire Complaint. Doc. #11.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a

1  claim, the court has discretion to allow leave to amend the
2  complaint pursuant to Federal Rule of Civil Procedure section
3  15(a). "Dismissal with prejudice and without leave to amend is
4  not appropriate unless it is clear . . . that the complaint
5  could not be saved by amendment." Eminence Capital, L.L.C. v.
6  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

7    Additionally, the Court may "consider a motion to dismiss
8  accompanied by affidavits as a motion for summary judgment"
9  under Rule 12(b)(6), but if it does so, the "parties shall be
10 permitted to present all material pertinent to the motion."
11 Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)
12 (citing FED. R. CIV. P. 12(b)(6), 56).

13       2.   California Tort Claims Act
14   Actions brought against public entities and their officials
15 are governed by the California Tort Claims Act ("CTCA"), see CAL.
16 GOV'T CODE § 810, *et seq.*, and "[t]he timeliness of such actions is
17 governed by the specific statute of limitations set forth in the
18 Government Code, not the statute of limitations applicable to
19 private defendants." County of Los Angeles v. Superior Court,
20 26 Cal. Rptr. 3d 445, 448 (Cal.Ct.App. 2005) (citations
21 omitted).

22   The CTCA requires an injured party to present his or her
23 claim to the public entity prior to initiating litigation
24 against it. CAL. GOV'T CODE § 954.4. Under the CTCA, a claim
25 against a public entity relating to any cause of action, other
26 than one "for death or for injury to [a] person or to personal
27 property or growing crops," must be presented to that entity
28 prior to initiating litigation and "not later than one year

4

1  after the accrual of the cause of action." CAL. GOV'T CODE
2  §§ 911.2(a), 945.6.
3      Once a claim is timely filed, the public entity has forty-
4  five (45) days to accept or reject the claim. Id. at § 912.4.
5  A party then has six months to initiate litigation against the
6  entity following written notice of rejection of his or her
7  claim. Id. at § 945.6(a)(1). If the entity "fails or refuses
8  to act within [45 days], the claim shall be deemed to have been
9  rejected . . .," on the last day the entity was required to act.
10 Id. at § 912.4. If no written notice is given to the party of
11 the entity's rejection of the claim, the party must file an
12 action with the court "within two years from the accrual of the
13 cause of action." Id. at § 945.6(b).
14     B.   Defendant's Motion to Dismiss
15     Before turning to the pending motion, the Court will
16 address the affidavits and exhibits included with Plaintiff's
17 Opposition and Defendant's Reply. While the Court may consider
18 the evidence submitted by the parties, see Huynh v. Chase
19 Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citations
20 omitted), it declines to do so here. The Court may decide the
21 issues before it on the moving papers alone, and therefore, it
22 does not need to convert Defendant's Motion to Dismiss to a
23 Motion for Summary Judgment. See id.
24     Defendant moves to dismiss Plaintiff's Complaint on several
25 grounds, see Doc. #11, as discussed below.
26         1.   Presentation of the CTCA Claim to Defendant
27     Defendant first argues that Plaintiff's Complaint must be
28 dismissed because Plaintiff failed to present his tort claim to

Defendant before filing this suit, as required by the CTCA. Doc. #11 at pg. 2-3 (citing CAL. GOV'T CODE § 911.2).

As discussed above, the CTCA requires an injured party to present his or her claim to the public entity prior to initiating litigation against it. CAL. GOV'T CODE § 945.6(b). In paragraph 7 of his Complaint, Plaintiff alleges he satisfied this requirement. However, as currently pled, Plaintiff provides nothing more than a bare legal conclusion. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). Plaintiff simply pleads: "Plaintiff has complied with the requirements of [the CTCA]." Comp. at ¶ 7. While Defendant argues there was no presentation, the Court finds instead that Plaintiff's pleading is deficient due to lack of factual specificity, and on that basis, cannot withstand Defendant's Motion to Dismiss. See, e.g., Iqbal, 556 U.S. at 678. Plaintiff provides important details about the steps he took to comply with the CTCA's pre-filing requirements in his Opposition; however, none of the facts that would substantiate Plaintiff's allegation that he satisfied the CTCA's claim presentment process are included in his Complaint. Compare Doc. #13 with Doc. #1. Since Plaintiff has argued that there are facts that exist showing he satisfied the CTCA's requirements regarding presentation of a tort claim, in granting Defendant's Motion to Dismiss, the Court will allow Plaintiff leave to amend his Complaint. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

///

///

2.  <u>Remaining Grounds for Dismissal</u>

Defendant next argues that Plaintiff failed to present a claim or file this action within the CTCA's statute of limitations. Doc. #11 at pg. 3-4. Citing a report prepared for Plaintiff, Defendant argues Plaintiff's claim accrued on March 31, 2010, yet Plaintiff did not file a claim with the other named defendant until May 23, 2011, more than a year later. <u>Id.</u> Plaintiff correctly argues that he has alleged the harm is continuing and that the delayed discovery rule applies in this case; therefore, the statute of limitations does not bar his claim. Doc. #13 at pg. 11-12; <u>see also</u>, e.g., <u>K.J. v. Arcadia Unified School District</u>, 172 Cal.App.4th 1229 (2009). More importantly, Plaintiff correctly argues that it is likely Defendant waived any argument regarding an untimely presentation of Plaintiff's claim under the CTCA. Doc. #13 at pg. 11-13. For these reasons, Defendant's Motion to Dismiss based on the statute of limitations is denied.

Next, Defendant argues that Plaintiff's Negligence claim must be dismissed because it lacks the requisite factual specificity; namely, a statutory basis for relief. Doc. #11 at pg. 5-6. The Court agrees. <u>See</u> <u>Eastburn v. Regional Fire Protection Authority</u>, 31 Cal. 4th 1175 (2003). In his Opposition, Plaintiff discusses the statutory basis for his claim, signaling to this Court that allowing leave to amend is appropriate. <u>See</u> <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

///

///

7

1   Finally, in its reply, Defendant presents arguments that
2 were not included in the Motion to Dismiss as to why Plaintiff's
3 Complaint should be dismissed.  Compare Doc. #11 with Doc. #14.
4 This is improper, see, e.g., Association of Irritated Residents
5 v. C & R Vanderham Dairy, 435 F.Supp.2d 1078, 1089 (E.D. Cal.
6 2006), and these arguments will be disregarded.  Accordingly,
7 the Court denies Defendant's Motion to Dismiss on any other
8 grounds.
9
10               III. ORDER
11    For the reasons set forth above, Defendants' motion to
12 dismiss is GRANTED in part and DENIED in part, as follows:
13    1.   The motion to dismiss Plaintiff's first and second
14 causes of action is GRANTED, due to Plaintiff's failure to plead
15 compliance with the CTCA with the requisite factual specificity.
16 Plaintiff is granted leave to amend.
17    2.   The motion to dismiss Plaintiff's first cause of
18 action, Negligence, is GRANTED, due to Plaintiff's failure to
19 plead a statutory basis for liability.  Plaintiff is granted
20 leave to amend.
21    3.   The motion to dismiss is DENIED on all other grounds.
22    4.   Plaintiff shall file his Amended Complaint no later
23 than twenty (20) days from the date of this Order.  Defendant's
24 responsive pleading shall be filed no later than twenty (20)
25 days after being served with the Amended Complaint.
26    IT IS SO ORDERED.
27 Dated: October 3, 2012
                                   _____
28                                 JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT JUDGE
                                        8