1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   PETER JENSEN, as Successor          No.  2:12-CV-01418-JAM-EFB
     Trustee for the 2008 Brett G.
13   Jensen Family Trust,

14              Plaintiff,               **ORDER GRANTING IN PART AND
                                         DENYING IN PART DEFENDANT
15        v.                             TEHAMA-COLUSA CANAL AUTHORITY'S
                                         MOTION TO DISMISS**
16   UNITED STATES OF AMERICA;
     TEHAMA-COLUSA CANAL
17   AUTHORITY, and DOES 1 through
     10, inclusive,
18
                Defendant.
19

20        This matter comes before the Court on Defendant Tehama-

21   Colusa Canal Authority's ("Defendant" or "TCAA") Motion to

22   Dismiss (Doc. #11) Plaintiff Peter Jensen's ("Plaintiff" or

23   "Jensen") Complaint (Doc. #1)("Comp.") for failure to state a

24   claim upon which relief can be granted pursuant to Federal Rule

25   of Civil Procedure 12(b)(6).  Plaintiff opposes the motion (Doc.

26   ///

27   ///

28   ///

                                    1

1   #13).[1]  For the reasons set forth below, Defendant's motion is

2   granted in part and denied in part.

3

4                   I.   FACTUAL AND PROCEDURAL BACKGROUND

5        This case arises out of damage to Plaintiff's real property

6   allegedly caused by Defendant's negligence "in the construction,

7   operation, maintenance, improvement and repair of the Tehama-

8   Colusa Canal ["The Canal"] . . . ."  Comp. at ¶¶ 1, 7, 10-11.

9   Plaintiff owns property in Corning, California, "along Jewett

10  Creek at the crossing of the Tehama-Colusa Canal . . .," which

11  is used for agricultural purposes, such as the production of

12  almonds.  Id. at ¶ 1.  According to Plaintiff's Complaint, at

13  some point during a project to operate, maintain, or improve The

14  Canal, Defendant "unreasonably alter[ed] . . . the water flow of

15  Jewett Creek onto Plaintiff's property . . ., [causing]

16  continuing erosion damage."  Id. at ¶¶ 10-11.  To date,

17  Plaintiff has incurred approximately $500,000 in damages, which

18  includes the "costs of necessary remedial repairs."  Id. at ¶

19  12.

20       Both named defendants in this case are government entities,

21  and Plaintiff alleges he has complied with the statutory pre-

22  lawsuit presentation of claim requirements under the Federal and

23  California Tort Claims Acts.  Comp. at ¶¶ 2, 4-5, 7.

24  ///

25  ///

26

27  [1] This motion was determined to be suitable for decision without
    oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally
28  scheduled for August 8, 2012.

1   On March 30, 2012, Plaintiff filed the pending action for

2   damages and declaratory relief in the Northern District.  Doc.

3   #1.  The case was subsequently ordered transferred to this Court

4   by Judge White, upon adopting a stipulation between the parties

5   on May 24, 2012.  Doc. #7.  On June 15, 2012, Defendant filed

6   the pending Motion to Dismiss, challenging Plaintiff's entire

7   Complaint.  Doc. #11.

8                          II.  OPINION

9       A.   Legal Standard

10           1.   Motion to Dismiss

11       A party may move to dismiss an action for failure to state

12  a claim upon which relief can be granted pursuant to Federal

13  Rule of Civil Procedure 12(b)(6).  In considering a motion to

14  dismiss, the court must accept the allegations in the complaint

15  as true and draw all reasonable inferences in favor of the

16  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

17  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

18  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

19  are mere "legal conclusions," however, are not entitled to the

20  assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

21  (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

22  (2007)).  To survive a motion to dismiss, a plaintiff needs to

23  plead "enough facts to state a claim to relief that is plausible

24  on its face."  Twombly, 550 U.S. at 570.  Dismissal is

25  appropriate where the plaintiff fails to state a claim

26  supportable by a cognizable legal theory.  Balistreri v.

27  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

28       Upon granting a motion to dismiss for failure to state a

3

1   claim, the court has discretion to allow leave to amend the

2   complaint pursuant to Federal Rule of Civil Procedure section

3   15(a).  "Dismissal with prejudice and without leave to amend is

4   not appropriate unless it is clear . . . that the complaint

5   could not be saved by amendment."  <u>Eminence Capital, L.L.C. v.</u>

6   <u>Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

7       Additionally, the Court may "consider a motion to dismiss

8   accompanied by affidavits as a motion for summary judgment"

9   under Rule 12(b)(6), but if it does so, the "parties shall be

10  permitted to present all material pertinent to the motion."

11  <u>Huynh v. Chase Manhattan Bank</u>, 465 F.3d 992, 997 (9th Cir. 2006)

12  (citing Fed. R. Civ. P. 12(b)(6), 56).

13              2.   <u>California Tort Claims Act</u>

14      Actions brought against public entities and their officials

15  are governed by the California Tort Claims Act ("CTCA"), <u>see</u> Cal.

16  Gov't Code § 810, *et seq.*, and "[t]he timeliness of such actions is

17  governed by the specific statute of limitations set forth in the

18  Government Code, not the statute of limitations applicable to

19  private defendants."  <u>County of Los Angeles v. Superior Court</u>,

20  26 Cal. Rptr. 3d 445, 448 (Cal.Ct.App. 2005) (citations

21  omitted).

22      The CTCA requires an injured party to present his or her

23  claim to the public entity prior to initiating litigation

24  against it.  Cal. Gov't Code § 954.4.  Under the CTCA, a claim

25  against a public entity relating to any cause of action, other

26  than one "for death or for injury to [a] person or to personal

27  property or growing crops," must be presented to that entity

28  prior to initiating litigation and "not later than one year

4

1  after the accrual of the cause of action."  CAL. GOV'T CODE

2  §§ 911.2(a), 945.6.

3      Once a claim is timely filed, the public entity has forty-

4  five (45) days to accept or reject the claim.  Id. at § 912.4.

5  A party then has six months to initiate litigation against the

6  entity following written notice of rejection of his or her

7  claim.  Id. at § 945.6(a)(1).  If the entity "fails or refuses

8  to act within [45 days], the claim shall be deemed to have been

9  rejected . . .," on the last day the entity was required to act.

10  Id. at § 912.4.  If no written notice is given to the party of

11  the entity's rejection of the claim, the party must file an

12  action with the court "within two years from the accrual of the

13  cause of action."  Id. at § 945.6(b).

14      B.   Defendant's Motion to Dismiss

15      Before turning to the pending motion, the Court will

16  address the affidavits and exhibits included with Plaintiff's

17  Opposition and Defendant's Reply.  While the Court may consider

18  the evidence submitted by the parties, see Huynh v. Chase

19  Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citations

20  omitted), it declines to do so here.  The Court may decide the

21  issues before it on the moving papers alone, and therefore, it

22  does not need to convert Defendant's Motion to Dismiss to a

23  Motion for Summary Judgment.  See id.

24      Defendant moves to dismiss Plaintiff's Complaint on several

25  grounds, see Doc. #11, as discussed below.

26          1.   Presentation of the CTCA Claim to Defendant

27      Defendant first argues that Plaintiff's Complaint must be

28  dismissed because Plaintiff failed to present his tort claim to

1  Defendant before filing this suit, as required by the CTCA.

2  Doc. #11 at pg. 2-3 (citing CAL. GOV'T CODE § 911.2).

3       As discussed above, the CTCA requires an injured party to

4  present his or her claim to the public entity prior to

5  initiating litigation against it.  CAL. GOV'T CODE § 945.6(b).  In

6  paragraph 7 of his Complaint, Plaintiff alleges he satisfied

7  this requirement.  However, as currently pled, Plaintiff

8  provides nothing more than a bare legal conclusion.  See, e.g.,

9  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

10 Plaintiff simply pleads: "Plaintiff has complied with the

11 requirements of [the CTCA]."  Comp. at ¶ 7.  While Defendant

12 argues there was no presentation, the Court finds instead that

13 Plaintiff's pleading is deficient due to lack of factual

14 specificity, and on that basis, cannot withstand Defendant's

15 Motion to Dismiss.  See, e.g., Iqbal, 556 U.S. at 678.

16 Plaintiff provides important details about the steps he took to

17 comply with the CTCA's pre-filing requirements in his

18 Opposition; however, none of the facts that would substantiate

19 Plaintiff's allegation that he satisfied the CTCA's claim

20 presentment process are included in his Complaint.  Compare Doc.

21 #13 with Doc. #1.  Since Plaintiff has argued that there are

22 facts that exist showing he satisfied the CTCA's requirements

23 regarding presentation of a tort claim, in granting Defendant's

24 Motion to Dismiss, the Court will allow Plaintiff leave to amend

25 his Complaint.  See Eminence Capital, L.L.C. v. Aspeon, Inc.,

26 316 F.3d 1048, 1052 (9th Cir. 2003).

27 ///

28 ///

1              2.   Remaining Grounds for Dismissal

2         Defendant next argues that Plaintiff failed to present a

3    claim or file this action within the CTCA's statute of

4    limitations.  Doc. #11 at pg. 3-4.  Citing a report prepared for

5    Plaintiff, Defendant argues Plaintiff's claim accrued on March

6    31, 2010, yet Plaintiff did not file a claim with the other

7    named defendant until May 23, 2011, more than a year later.  Id.

8    Plaintiff correctly argues that he has alleged the harm is

9    continuing and that the delayed discovery rule applies in this

10   case; therefore, the statute of limitations does not bar his

11   claim.  Doc. #13 at pg. 11-12; see also, e.g., K.J. v. Arcadia

12   Unified School District, 172 Cal.App.4th 1229 (2009).  More

13   importantly, Plaintiff correctly argues that it is likely

14   Defendant waived any argument regarding an untimely presentation

15   of Plaintiff's claim under the CTCA.  Doc. #13 at pg. 11-13.

16   For these reasons, Defendant's Motion to Dismiss based on the

17   statute of limitations is denied.

18        Next, Defendant argues that Plaintiff's Negligence claim

19   must be dismissed because it lacks the requisite factual

20   specificity; namely, a statutory basis for relief.  Doc. #11 at

21   pg. 5-6.  The Court agrees.  See Eastburn v. Regional Fire

22   Protection Authority, 31 Cal. 4th 1175 (2003).  In his

23   Opposition, Plaintiff discusses the statutory basis for his

24   claim, signaling to this Court that allowing leave to amend is

25   appropriate.  See Eminence Capital, L.L.C. v. Aspeon, Inc., 316

26   F.3d 1048, 1052 (9th Cir. 2003).

27   ///

28   ///

7

1    Finally, in its reply, Defendant presents arguments that

2 were not included in the Motion to Dismiss as to why Plaintiff's

3 Complaint should be dismissed.  Compare Doc. #11 with Doc. #14.

4 This is improper, see, e.g., Association of Irritated Residents

5 v. C & R Vanderham Dairy, 435 F.Supp.2d 1078, 1089 (E.D. Cal.

6 2006), and these arguments will be disregarded.  Accordingly,

7 the Court denies Defendant's Motion to Dismiss on any other

8 grounds.

9

10                          III. ORDER

11    For the reasons set forth above, Defendants' motion to

12 dismiss is GRANTED in part and DENIED in part, as follows:

13    1.   The motion to dismiss Plaintiff's first and second

14 causes of action is GRANTED, due to Plaintiff's failure to plead

15 compliance with the CTCA with the requisite factual specificity.

16 Plaintiff is granted leave to amend.

17    2.   The motion to dismiss Plaintiff's first cause of

18 action, Negligence, is GRANTED, due to Plaintiff's failure to

19 plead a statutory basis for liability.  Plaintiff is granted

20 leave to amend.

21    3.   The motion to dismiss is DENIED on all other grounds.

22    4.   Plaintiff shall file his Amended Complaint no later

23 than twenty (20) days from the date of this Order.  Defendant's

24 responsive pleading shall be filed no later than twenty (20)

25 days after being served with the Amended Complaint.

26    IT IS SO ORDERED.

27 Dated: October 3, 2012

28                          _____
                           JOHN A. MENDEZ,
                           UNITED STATES DISTRICT JUDGE